May it please the Court, my name is Jenny Leist and I'm here on behalf of the appellant in this matter, Antonio White. Your Honors, we are seeking to vacate the judgment in this matter for two reasons. First, the District Court erroneously entered judgment for conspiracy under 18 U.S. Code Section 371 when the record actually shows that Mr. White pled guilty to an assimilated state conspiracy offense under the Assimilated Crimes Act. And second, we believe that even if Mr. White... So what was the specific statute that he pled to? That is 18 U.S. Code Section 13, the Assimilated Crimes Act. To the substantive harm or to a conspiracy? State conspiracy, yes, Your Honor. Can I ask just a quick question about that? I'm just reading the plea agreement, it looks like he pled guilty to Section 13 assimilating Section 1454 of the North Carolina Code, which is the substantive charge, but is that also the citation you would get if you were charging conspiracy? Well, conspiracy in North Carolina, Your Honor, is a common law offense. So this would be the correct citation?  And moving on to Section 2, Paragraph 3, as you've identified. What was the reference in the Count 1 to Section 371? Was that just surplusage, a mistake, or what? I believe that was, Your Honor, North Carolina would consider that surplusage. But Count 1 was simply confusing. It was not clear, and I think that that lack of clarity shows actually at the plea colloquy, in which the district court did not really explain Count 1, simply read it out loud. And then on page 21 of the record, when he moves on to Count 2, Your Honor, the district court says, and as to the charge contained in Count 2, it's another violation of 18 U.S. Code Section 13, assimilating North Carolina General Statute 15-54, as to breaking and entering generally. So I think, Your Honor, and again, going back to Paragraph 3, which is the core provision of the plea agreement. After all, at the heart of every plea agreement is the offense to which the defendant is pleading guilty. That's the whole point of a plea agreement. If you believe the government, not only have they gotten the code section wrong, they have the essential elements of the crime wrong. North Carolina does not require an overt act to commit a conspiracy. However, under 371, the Federal Conspiracy Statute, you do have to have an overt act to commit conspiracy. And there is no overt act there alleged. Now, it also says that the maximum term of imprisonment is five years. Clearly, that was error. That was imprecision on the part of defense counsel. Defense counsel should have caught that earlier. I think you can see from the record that, unfortunately, Mr. White, through no fault of his own or our office, had a number of attorneys. I think that may have been one of the reasons that led to that oversight on the part of defense counsel. But wasn't it also an oversight? I thought one of the weird things about this case was that at sentencing, the AUSA said, oh, no, the five years is wrong. We got that wrong, too, because we think Simmons applies, so it's not five years. And at that point, the district court judge was like, oh, my, what is going on? Everything about this thing is wrong. So everybody was wrong about the term, or at least they thought they were at the time. At the time, the AUSA thought five years was incorrect also. That's correct, Your Honor. But to be fair to the government, not because of the plea agreement, they felt that the Simmons argument precluded a five-year. So everyone agrees five years is wrong. And so I think when you look at the record as a whole, that the record shows that Mr. White agreed to an assimilated state conspiracy offense under the Assimilated Crimes Act. And what happened was they basically just got the penalty wrong. And so we would ask for this court to look at the record as a whole, construing all the ambiguities against the government as you must, to find that Mr. White did indeed plead guilty under the Assimilated Crimes Act. Can I ask you a question about, I guess it goes to relief. Yes. I mean, we can't order specific performance of a plea to a crime that the government didn't charge and doesn't want to charge, right? How does that work? Doesn't your relief have to be that there is no plea agreement? Well, Your Honor, we actually think that count one is rather ambiguous. I don't believe that it can be said with all clarity that that is that the government didn't charge an assimilated crime. And we're not, I don't think we're so much asking for specific performance as we're more asking for this court to just look at the record and find factually and as a legal matter that Mr. White pled guilty. He's not looking to withdraw the guilty plea. He's just looking to be. I know, but I guess I'm saying isn't that really his choice here, withdraw it or, I mean, I just. Even if he did plead guilty to it, there's no meeting of the minds. The government didn't think it was charging him with that. The government certainly didn't think it was accepting a plea for that. So if there was no meeting of the minds, there's no agreement, right? Well, I'm not sure that there were no meeting of the minds, Your Honor. I think they, I think everyone was on board with the actual offense. What they did is they just got the penalty for it wrong. And we would just like the judgment of conviction to be corrected to correctly reflect the offense to which Mr. White pled guilty. What do you think is being pled to? 18, the Assimilated Crimes Act? The Assimilated Crimes Act, yes. And what evidence is there that this is being, that what's being pled is the Assimilated Crimes Act? We believe under count one, Your Honor, that actually that count alleges all the necessary elements to charge a assimilated crime. And then the plea agreement confirmed that. But count one also concludes with the fact that the Section 371 is the, we allege that his actions are in violation of Section 371. That the overt acts are in violation. Yeah, and then the plea agreement, I mean, at least this is a government's argument, the plea agreement contains three separate references to count one, and count one concludes with the fact that you are acting in violation of Section 371. Now, can you sort of, what's wrong with that? Your Honor, it's not that what is the best and most natural reading of count one, it's that is count one so very clear and unambiguous that it clears up all of the ambiguities in the plea agreement. I read it, but how many references to 18 U.S.C. 13 does count one contain? One. One reference? Yes, Your Honor. All right, and is the reference, because it's the ultimate reference in the count that is acting in violation of 371? It says in violation of Title 18 United States Code Section 13, assimilating North Carolina General Statute Section 14-54. And that, if you stopped there, would be enough to charge an assimilated crime in North Carolina. So where you want to get at the end of the day, as I understand it, is you want your client sentenced for a misdemeanor, not a felony. Correct, and we have two arguments. All right, so what's the road map to get you to that point? Do you say that your client pled under 371 to a misdemeanor provision, or do you say that that part of the count one is irrelevant for some reason and that he instead pled under the Assimilated Crimes Act to conspiracy to commit a misdemeanor, really under North Carolina law? I'm looking for a road map that gets you to where you want to go. So we have two possible road maps here, Judge Agee. First, that this court can look at the record as a whole and the totality of the circumstances, and specifically to the plea agreement that all the parties signed and the district court signed off on, and say, looking at all of these circumstances, we find as a matter of fact and as a matter of law that Mr. White pled guilty under the Assimilated Crimes Act and vacate the judgment and remand for the judgment of conviction to correctly reflect the offense to which Mr. White pled guilty, which we contend is under Assimilated Crimes Act. But even if you don't like that route, we have the second route. Can I just stop you there just so I'm clear on the road map? And if we did that, so if the conviction here were for conspiracy to violate 1454 as assimilated by 13, just to finish out the argument, that's still a state felony, but no matter who the offender is or how many aggravators apply, it still is 12 months or less. So that's still a misdemeanor for our purposes. That's how that finishes up. You don't need Simmons under this argument. Correct. And so the second road map, Judge Agee, is that even if you find that he did plead unambiguously to Section 371, we find that the district court nonetheless erred in applying the felony provision of 371 rather than the misdemeanor provision. And that misdemeanor provision of 371 states that if, however, the offense, the commission of which is the object of the conspiracy is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor. It is interesting that Congress actually amended 371 and added this misdemeanor provision for the express purpose of reining in federal prosecutors' overreach in charging federal conspiracies for misdemeanors. Do you get to the misdemeanor provision there under 371 by then going back to the Assimilated Crimes Act to look at the North Carolina statute? Well, we look to the object of the conspiracy, Your Honor, which is breaking and entering in violation of North Carolina law. Can I just – and why is the – I'm still confused. It's a conspiracy to violate federal law, so why isn't the object of the conspiracy – don't we have to look at Section 13 in the language of Section 13 also, or do we skip right – is it as though that doesn't exist for our purposes? Do you know what I'm saying? I'm sorry, Your Honor, I don't quite follow. Well, I guess I'm really just – I thought I was trying to ask the same question as Judge Agee, that – so now we're trying to figure out whether it's a misdemeanor only, but the object of the conspiracy is a violation of Section 13, right? That's correct. And Section – so I would have thought that we would pay some attention to the language of Section 13 and not jump straight to – and the only reason I'm asking is because the language of Section 13 seems to be drafted in very offender-specific terms. The offender is supposed to get the like punishment he would have gotten under state law. And I guess I'm wondering whether you think that language has relevance or whether we jump straight to North Carolina law. No, absolutely, Your Honor. I do think that you are absolutely correct. And I think that that is what Congress was clearly signaling when it added the misdemeanor provision, basically saying, well, we're not – we're only interested – we would really – excuse me. Congress is clearly signaling that they don't want a conspiracy to commit a minor offense to receive greater punishment than what would otherwise be provided for. And so I do think you have to go to the individualized defendant analysis, which is what, as you point out, Judge Harris, what the ACA, the Assimilated Crimes Act requires, and also what North Carolina – in North Carolina, whether or not breaking and entering, as this Court says in Simmons, whether or not breaking and entering, which is a low-level felony, whether or not that's a felony offense is strictly dependent on two factors, and that's the class of the offense and then the offender's prior record level. And so Mr. White, who has – it's a very low-level felony, class H. He only has a prior record level of two. He could have never faced more than more than a year for this offense in state court. Why does Simmons apply here? I mean, it seems to me that Simmons arises in a totally different context. It does, Your Honor, but it's that individualized defendant analysis. It's not limited to Simmons. You also have it in the Assimilated Crimes Act, for example, in the Peebles decision, where the government made the same argument. I find it hard to jump from predicate convictions in a career offender statute 4B1.2 and then jump all the way over to something like this, which seems to me to be specific to the plea agreement and to the various three statutes involved. Well, really, at the very heart of Simmons, we would contend, Your Honor, is a recognition that North Carolina has an extremely unique sentencing structure, and whether or not something is a felony or a misdemeanor is really dependent on the defendant's prior record level. And we contend that that would also comport – the individualized defendant analysis would also comport with the language of 371. I see my time is out. Thank you. Can I ask one quick question? Oh, certainly. I'm sorry. I just have a practical question about how we would apply Simmons or any other variant of an individualized offender analysis in this context, because it does seem to me, if there is no prior conviction, as there was in Simmons, and no prior record of a conviction that we can look at, how is the federal court supposed to figure out stuff like where they are in this North Carolina grid, whether there would have been eligibility for aggravation, what their prior record level is? So as a practical matter, Your Honor, I think what would happen maybe at the initial appearance and even maybe at the plea, if there is one, you would have to advise the defendant of the maximum possible penalties, much like you do under armed career criminal or other similar provisions. In terms of just going in and figuring out what the prior offender level would be, that's just a simple matter of looking at the convictions, which, of course, the pre-sentence report will provide, and calculating that. It's not a difficult calculation, Your Honor. All right, sir. Please, the Court, good morning. Eric Goulean for the United States. The indictment, the plea agreement, and the Rule 11 colloquy make clear that Mr. White pled guilty to a federal conspiracy offense, not a North Carolina conspiracy offense. Count 1 put Mr. White on notice that he was being charged, quote, and I'm quoting from the operative charging language at the conclusion of Count 1, that he was being charged in violation of the provisions of Title 18 United States Code, Section 371. It is kind of confusing, right, because, and I understand, I'm sure this is sort of standard, but the last thing under the heading of Count 1 is actually the citation that it says he violated Section 13, and there's a whole sort of separate heading before you even get to the 371 charge, and I mean, like, I'm a lawyer. I figured it out after a while that this really shouldn't have been a separate heading. It should have been kind of indented under Count 1, but it is confusing. I assume that's how come you guys did the plea agreement wrong. Someone picked it up, said, oh, good, Count 1. They looked at the end of Count 1, and then they copied down Section 13 into the plea agreement. Well, the plea agreement should have had a citation to 371. Well, it's not just that it's missing the citation to 371. It's that it says what you're pleading guilty to is a violation of Section 13. Right, but it does make three references to Count 1 as the offense of conviction, and Count 1 is how conspiracy charges are drafted. I mean, there's nothing unusual about it except for the fact that the object of the conspiracy in the case is an assimilated state crime. That is unusual, but it is standard practice to identify the object of the crime that is the object of the conspiracy. So it's going to include a citation to whatever that is. You need that to put the defendant on notice as to what the objective of the conspiracy was. Well, during the plea, the discussion about being subject to a maximum sentence of five years, how is this wrong? The maximum penalty of five years is set forth in the plea agreement, and it was in the plea colloquy. Five years is absolutely correct. The object of the 371 conspiracy was a Class H felony under North Carolina law, and therefore the 371 conspiracy is a felony. And under Section 371, it makes the maximum punishment five years unless the object of the conspiracy is a misdemeanor only. In this case, the object of the conspiracy was not a misdemeanor only. It was a Class H felony under North Carolina law. And then there are two ways of approaching this question here, both to lead to the same result. One is to simply look directly at how North Carolina classifies the object of the offense here. Am I right that even though the underlying crime might be Class H under the North Carolina sentencing scheme, or maybe it's in the North Carolina statute, that the conspiracy actually is a lower level as opposed to actually breaking and entering the conspiracy is actually at a lower level? That's correct, Your Honor, but that's North Carolina conspiracy law. Here we're talking about federal conspiracy. The federal conspiracy statute, Section 371, that's what was charged in Count 1. And so it's to that, the statutory language of 371 that the court needs to start with. Can I ask a question about what, can we, I mean, do you concede that if you just look at the plea agreement for a minute, not the indictment, I mean, the elements don't include the overt act under federal law, right? That's correct. I mean, this is, I'm kind of new to this. You tell me, is this unusual to have, I mean, this guy pleaded guilty to a crime that's not what you say he pleaded guilty to. Well, no, I mean, the plea agreement is not the charging document, and an ambiguity in the plea agreement cannot create a charge that doesn't exist. Right, I understand that, and so I totally have questions about the relief that the defendant is seeking here. But let me just tell you sort of the way I'm looking at this, and you can tell me what's wrong with it. I mean, this just seems like, this is not an ambiguity, this is not like some minor ambiguity. Like, this guy pleaded guilty, he signed a plea agreement that has him pleading guilty to a violation of 18 U.S.C. Section 13, assimilating this conspiracy to violate this North Carolina law, and includes the elements that comprise the violation of North Carolina law, but not federal law. And so, I mean, do we have cases where we've said, given like an ambiguity of maybe that magnitude, that that can kind of be cleared up by some other, but what's the best case for when, like the actual thing listed for what you are pleading guilty to is incorrect, that we can clear that up through? The closest case I would refer you to, Your Honor, is the El Amin case, cited at page 15 of the government's brief. It's an unpublished decision from the Third Circuit. And in that case, the question was whether the defendant had agreed to the Armed Career Criminal Act penalties. And there was some ambiguity, or the court at least assumed if there was ambiguity, then you look to the Rule 11 colloquy to clear that up. And in this case, Judge Dever read to Mr. White twice the language of Count 1, including the operative language that the charge was all in violation of Title 18 United States Code Section 371. He informed Mr. White that this was a felony offense, punishable by five years' imprisonment. Mr. White, who was there with counsel, acknowledged that, said he understood. So when you view that as a whole, the record as a whole, I think it's clear that this plea was knowingly and voluntarily entered. And I would point out that at no time, this was raised in district court, at no time has Mr. White sought to withdraw his plea. He could have done that. He could have said, well, I thought I was pleading to something different, so I want to back out of it. He never made that request. And I don't understand him to be doing that now. The relief sought in the defendant's brief is simply a remand for a resentencing. But I would note that if, you know, assuming for the sake of argument that the government and the court and the defense got it all wrong and had him enter a guilty plea to something that wasn't in the indictment, then a remand for resentencing would have solved that problem. If we conclude, and I'm not saying we would, but if we conclude that it's ambiguous as to what he pled to, what choice do we have other than to sort of send you back to square one and get the whole thing straightened out and done correctly? Because it's just, you agree that you should have cited in the plea agreement. It wouldn't have been that difficult to have cited. No, not at all. It was an oversight. 371. We wouldn't really have this problem here. Now, maybe what happened in the colloquy in open court is enough to save it. You know, I'm not sure. I don't see how you, I don't see how you, is the language that you're hanging on to in 371 the language misdemeanor only? The, so this is turning to the second issue of whether it's the classification of 371. Before we get to that, if we conclude that we are just not certain as to what was charged or what was pleaded to, what other choice do we have other than, I mean, working all this down to a misdemeanor is something I don't get, but what other choice would we have other than to just say, you know, go back, clarify it, do it right? That would be the appropriate outcome if the court were to. If we, if we can't, because I, you know, either way, if we try to conclude that there's a, that you plead to 370, that there was a plea to 371, you know, you, you do, you run up against the two problems that 371 is not in the plea agreement. And that count one, which is in the plea agreement, nonetheless talks about 13 in the elements of the Assimilated Crimes Act. And so you run up with that on the, if you take the 371 thing, and we try to say, well, no, you really pleaded to the Assimilated Crimes Act or something of that nature, that seems to be ambiguous at the very least. And here your argument kicks in that the ultimate language in count one is that you act in violation of 371. So, and, you know, we, we are in danger of ratifying a plea agreement to something that may well never have been charged. If your argument is that 371 is plausibly correct, which I think it is at least a plausible argument. So we run into problems either way, whether we try to say, well, you really plead to 371 or you really plead to an assimilated crime. So what choice do we have other than to say, go back, start over, get it right, make it clear that there is a meeting of the minds, which is ultimately, you know, at the heart of every plea agreement, to just have a meeting of the minds so that everybody is sort of clear. And do we have any other choice? If we assume, and I'm not asking you to concede your argument, because I understand your argument that there's repeated references in the plea agreement to count one, and that count one does end with the charging language of 371. So I'm not asking you to concede that point. I'm just asking you about the remedial point. If we are just left unclear that there's not been a meeting of the minds. There may have been, and Judge Devers' colloquy may have saved it. But if it didn't quite get it over the bar, what choice do we have? The court has no choice. I'll readily concede that if, after reviewing the Rule 11 colloquy and the plain language of count one, the court finds that it's simply unclear what the defendant pled guilty to, then I agree. That would be the appropriate outcome. But I would ask the court to consider the Rule 11 colloquy and count one itself. You think it's clear that the Rule 11 colloquy makes it clear you're pleading here to a violation of 371? Absolutely. But I want to be fair to your position, because your position is you don't really need to get to the Rule 11 colloquy. That's icing on the cake. Right. If the court finds that the plea agreement itself is ambiguous, then you bring the Rule 11 colloquy in as extrinsic evidence to consider what the party's intent was. This seems like we can just answer this question. So as I'm looking at it again, I don't mean to beat a dead horse, but it does say I'm pleading guilty to the violation of Section 13, assimilating the state law conspiracy charge. I mean, I agree with you that in the colloquy there is certainly language saying pleading guilty to 371, but isn't that what almost sort of creates the ambiguity, that what happened at the colloquy seems in some ways inconsistent with the face of the plea agreement? I can see how that gets you to ambiguity, but I don't see how it can resolve an ambiguity. If the language of a contract says one thing and then there's extrinsic evidence pointing the other way, doesn't that seem to create, generate ambiguity? For me, the colloquy is what makes this thing so confusing. Well, I think what we're ultimately talking about is did the defendant knowingly and voluntarily plead guilty to the charge contained in Count 1? And again, I would point out that at no time has the defense made that argument. At no time have they made that claim that the plea was not knowing and voluntary. And that portion of the plea agreement does refer twice to Count 1. Count 1 contains the operative language, and obviously the plea agreement cannot alter the nature of the charge. So when you take the plea colloquy and the plain language account. I don't want to flyspeck it too much, but all it says is that as to Count 1 of the indictment, to which the defendant is pleading guilty, the charge is as follows. And it is true that if you look at Count 1, all of that stuff is sort of listed in Count 1. So, I mean, there is a consistent and coherent reading of the two documents together. I'm not saying it's the best reading or that it is an unambiguous reading, but it is a plausible, consistent reading that, yeah, I'm pleading guilty to that part of Count 1, the part of Count 1 that talks about the state crime as assimilated by Section 13. Well, you could only reach that conclusion by ignoring the rest of Count 1. But this doesn't say anywhere I'm pleading guilty to all of Count 1 or anything like that. Do you know what I'm saying? I understand. I understand Your Honor's point. And, you know, if at the end of the day the court determines that, again, that it's unclear what he pled guilty to, then, as Judge Wilkinson, you said, I think the appropriate remedy is to vacate the conviction. The appropriate remedy would not be to remand for resentencing. My question was, is the bottom line of the disagreement between the government and the defendant come down to whether his record will show that he was convicted of a felony as opposed to a misdemeanor? No, Your Honor, because the classification of his federal conspiracy conviction does not turn on his record level. There is no prior North Carolina conviction here that has any bearing or influence on the classification of the federal offense. So is he convicted and pled guilty to a felony or a misdemeanor?  He pled guilty to a felony. And the reason for that is because the object of the conspiracy is a felony under North Carolina law. And there are two ways to approach the question. One is to simply look at North Carolina law and ask how does North Carolina classify the object of the conspiracy. And the answer to that is they classify it as a Class H felony. So end of story. The object of the conspiracy is a felony. That makes the federal conspiracy a felony punishable by up to five years. The other way to approach the question, and it leads to the same outcome, is to take the intermediate step of referring to the federal definition of felony and misdemeanor in 18 U.S.C. Section 3559A. And so that intermediate step requires you to go to ask, well, how is a felony and misdemeanor defined? It's defined as a crime where the maximum punishment is more than a year. So then you look to the North Carolina offense and ask, what is the maximum punishment for any offender? And I acknowledge that that is not the analysis used in Simmons, but that was in a different context focusing on an actual conviction and an offender's record level. I understand that part. Let's say we just throw up our hands and say we can't figure out what you guys did. We vacate and send back. At that point, do you start with a new plea agreement? Do you have to re-indict? I don't believe we have to re-indict. There may be a trial at that point, or we can negotiate a plea to a different count. But if the parties negotiate a plea to the same count, I guarantee you it will contain a reference. Or could you negotiate a plea to 371 explicitly and unambiguously?  So would the defendant expose himself to a sentence more than he has received in this case? Well, yes. The sentence was time served, which was eight days. So even a misdemeanor outcome is going to expose him to more than the eight days. Even if the defendant gets what he wants and he gets to go back, he might get more than eight days. Absolutely. And I think that goes to why the defense is not seeking that relief. Mr. White got the benefit of his bargain here. The government agreed to dismiss counts two, three, and four. It did so. It gave Mr. White an opportunity to cooperate. And then it filed a 5K motion and made a very generous sentence recommendation. And Judge Dever went even lower. I mean, Mr. White's guideline range was 37 to 46 months. He got a time served of eight days. And if I could just point out one thing in response to a point that the defense raises in their reply brief, they argue that, well, if Mr. White had just committed this crime outside of Fort Bragg and been charged in state court, then he likely would have just received a suspended sentence. And that may be true, but I would just make two points. I see my time is up, Your Honor, if I could just finish my point. The first point is that I would submit this is a more serious offense and that it involved entering a military reservation and breaking into homes of soldiers who were away on holidays. It occurred on Fort Bragg. And secondly, if Mr. White had done this in the county and been charged with it and convicted, he would have been convicted of a felony. And with all of the attendant consequences of a felony conviction, and so the government submits that there is nothing anomalous or inconsistent with the state law for him to face the same consequences in federal court. Are there any further questions? I would ask that the judgment be affirmed. Thank you. Yes, just briefly, Your Honors. Judge Harris, I wanted to pick up on a point you were making regarding the plea agreement versus the plea colloquy. And you were saying that the plea colloquy made things confusing. And I would just like to say that I think the plea colloquy actually confirms the defendant's understanding of this plea agreement. I mean, Judge Dever did not explain Count 1. He didn't go through Count 1 and say, now the object of the conspiracy here was the violation of the Assimilated Crimes Act. He just simply read out Count 1, which we contend, Your Honor, does have, as you pointed out, Judge Harris. It goes back to Count 1. And the, frankly, is a pretty straightforward argument that the government's making here. I realize that there's, you know, a lot of smoke and everything there often is. But the straightforward argument is simply that the plea agreement makes repeated references to Count 1. And Count 1 concludes with charging language. It concludes with charging language saying that you violated 371. And then 371 moves you over to the object of the conspiracy. And logically, the argument of the object of the conspiracy seems to be the North Carolina breaking and entering buildings, which is punishable as a Class H felony. And the 371 only allows you to take advantage of the more lenient sentence if the object of the conspiracy is a misdemeanor only. And I don't see that this is a misdemeanor only. In other words, where I am now is between accepting what I think is a pretty straightforward argument or perhaps looking at it and saying that there's some ambiguity and sending you back to ground zero and having you renegotiate the plea agreement, maybe with the language 371 put in the plea agreement or whatever. I'd kind of be careful what you wish for. I really would. I realize this is an adversary process, but you've got a good deal. And sometimes it's good not to overreach and you don't know what's going to happen if you go back because I don't think we can say that this is just a plea to the Assimilated Crimes Act. I don't think that the combination of the plea agreement and the count one of the indictment would support that interpretation. And I don't think that crime has been charged. And I don't see that we have the authority to put our imprimatur on a plea agreement on a crime, a guilty plea to a crime that has not been charged. And I know you think it has been charged, but I don't think it's charged. And the government has a straightforward argument. There's a fly in the ointment, and that is that this plea agreement didn't cite to 371. Now, that's a fly in the ointment, but the road you're trying to get us to travel, that has more than a fly in the ointment. Well, respectfully, Your Honor, I would say that the plea agreement, if that is the interpretation, is more than just a fly in the ointment. And I think that if this court is inclined to just vacate and remand and send it back to square one, I think that sets a very dangerous precedent and sends a clear signal to federal prosecutors that, you know, you actually have to get the offense correct in a plea agreement. You don't have to be all that careful when you're drafting your indictments. You don't need to get the essential elements of the crime correct in your plea agreement, because if you do, it's not really a problem. We're just going to let you have a second bite at the apple. Instead of construing the ambiguities in the defendant's favor, we're going to just let you do it all over again. And briefly, Your Honor, I would just respond to the misdemeanor. Well, but I have a problem with how can we put our blessing on a plea agreement, which a defendant is pleading to a crime that the indictment shows was not charged? Your Honor, my time is up. May I respond? Yeah. I mean, you say it's charged. I do say it's charged. I don't see how you get that out of the indictment, and that's the problem, you know, because when you talk about the setting of dangerous precedent, the court putting a, you know, we don't want to have people pleading guilty to things that aren't fairly charged or aren't charged. And you may, you might be able to say that it doesn't quite support the government's reading, but that's a different proposition from saying that the indictment supports your reading in any way. Your Honor, we would just say that it is a plausible reading of the indictment and that the plea agreement confirmed the party's understanding that what Mr. White was agreeing to was an assimilated conspiracy offense. And we would just ask that this court look at the facts and circumstances and remand for resentencing, either on under the Assimilated Crimes Act or under the misdemeanor provision of 371. Thank you. We thank you. We will adjourn court and come down.
judges: J. Harvie Wilkinson III, G. Steven Agee, Pamela A. Harris